IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROY HINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:08-cv-235-WHA |
| | ) |
| THE PRUDENTIAL INSURANCE | ) |
| COMPANY OF AMERICA | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ORIGINAL ANSWER

Defendant The Prudential Insurance Company of America ("Prudential"), by and through its attorneys, hereby answers the Complaint in the above referenced matter as follows:

1. After reasonable investigation, Prudential is without knowledge or information sufficient to admit or deny the allegations in paragraph 1 of the Complaint. Therefore, these allegations are denied.

2. Prudential admits that it is a New Jersey corporation with its principal place of business in New Jersey. Prudential further admits that it is authorized to transact business in Alabama and that it does transact business in Alabama.

3. Prudential admits that Plaintiff was employed as a Technical Manager for Westpoint Home, Inc. and that he stopped working on or about September 27, 2006. Prudential denies all remaining allegations in paragraph 3 of the Complaint.

4. Prudential admits the allegations in paragraph 4 of the Complaint.

COUNT I

5. Prudential incorporates its responses to paragraphs 1-4 of the Complaint as if set forth fully herein.

6. Prudential denies the allegations in paragraph 6 of the Complaint.

7. Prudential admits that Plaintiff exhausted his administrative remedies.

8. Prudential denies the allegations in paragraph 8, including section (a) of the Complaint, and denies that Plaintiff is entitled to the relief he seeks..

9. Prudential denies each and every other allegation, whether express or implied, not specifically admitted herein.

## DEFENSES

1. Any and all state law claims are preempted by ERISA because Plaintiff seeks benefits under the terms of an ERISA governed welfare plan.

2. Prudential has discretion to interpret the Plan, make eligibility determinations under the Plan, and to make any and all factual determinations under the Plan. Prudential's determinations under the Plan are entitled to deference.

3. To the extent Plaintiff seeks the same, there is no right to a jury trial or compensatory or punitive damages under ERISA.

4. Any benefits due under the Plan are subject to offset in accordance with the terms of the Plan.

5. Defendants are entitled to their attorneys' fees under 29 U.S.C. § 1132(g).

Wherefore, Defendant The Prudential Insurance Company of America respectfully requests that judgment be entered in its favor, that the Complaint be dismissed with prejudice, and that Defendant be awarded its costs and fees.

_____
Attorney for The Prudential Insurance
Company of America

OF COUNSEL:
Terrence W. McCarthy (MCCAT7406)
*tmccarthy@lightfootlaw.com*
Wesley B. Gilchrist (GILCW4083)
*wgilchrist@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203
Telephone (205) 581-0700
Facsimile (205) 581-0799

## CERTIFICATE OF SERVICE

This is to certify that on this 22nd day of April, 2008, a true and correct copy of the foregoing was served on the following counsel of record as indicated:

John M. Pennington, Esq.
Attorney at Law
4000 Eagle Point Corporate Dr., Ste. 100
Birmingham, AL 35242
via NEF of the CM/ECF system

_____
Of Counsel