**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

May 15, 2008

# NOTICE OF CORRECTION

**From:   Clerk's Office**

**Case Style:**   Hines v. The Prudential Insurance Company of America

**Case Number:**   3:08-cv-00235-WHA

**This Notice of Correction was filed in the referenced case this date to correct the PDF document previously attached by E-Filer to include the corrected E-signatures and required consent.**

**The correct PDF document is attached to this notice for your review.   Reference is made to document # 10  filed on   May 13, 2008.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Roy Hines,** § | | |
| § | | |
| **Plaintiff** § | | |
| § | | |
| vs. § | NO. | 3:08-cv-235-WHA |
| § | | |
| **THE PRUDENTIAL INSURANCE** § | | |
| **COMPANY OF AMERICA,** § | | |
| § | | |
| **Defendant.** § | | |

**REPORT OF PARTIES' PLANNING MEETING**

1.   Pursuant to Fed. R. Civ. P. 26(1), a meeting was held on **May 2, 2008** and was attended by: John Pennington on behalf of Plaintiff and Wesley B. Gilchrist behalf of The Prudential Insurance Company of America.

2.   **Pre-Discovery Disclosures**. The parties will exchange by **June 19, 2008**, the information required by Local Rule 26.1(a)(l).

3.   **Discovery Plan**. The parties jointly propose to the Court the following discovery plan:

   **Defendant contends** that because Plaintiff asserts only an ERISA claim for denial of benefits, discovery should be limited to the evidence in the administrative record at the time a benefit determination(s) was made and the plan documents. Consequently, by participating in this Rule 26 meeting, Defendant does not waive its position that additional discovery in this case may not be permitted.

   **Plaintiff contends** he was a participant in an ERISA-governed welfare benefit plan established and maintained by his employer, Westpoint Home, Inc., to provide long-term disability benefits to eligible employees. Said plan was funded by a policy of insurance issued by Defendant, Prudential Insurance Company of America. Plaintiff filed a claim for disability benefits under the insurance policy. Plaintiff alleges that denial of his benefits was wrongful and in contravention of the terms of the plan. Accordingly, Plaintiff seeks the recovery of benefits due under the policy plus interest, costs, and attorneys' fees.

   Plaintiff further contends that discovery should be allowed on certain issues including: (1) the exact nature of the information considered by the fiduciaries in making the decision; (2) whether the fiduciaries were competent to evaluate the information in the administrative record; (3) how the fiduciaries reached their decision; (4) whether, given the nature of the information in the record, it was incumbent upon the fiduciaries to seek

additional outside technical assistance, including an independent medical examination, in reaching a "fair and full review" of the claim; (5) to determine whether the fiduciaries followed their policies and procedures in adjusting the claim; (6) to determine whether the fiduciaries honestly interpreted the information in the administrative record; and (7) to determine whether the Plan afforded discretion to the claims administrator, and, if so, whether a conflict of interest existed, and the extent thereof.

If the Court deems discovery beyond the administrative record appropriate, the parties jointly propose to the Court the following discovery plan:

    (a)    Discovery will be needed on Plaintiff's claims and Defendant's defenses:

        (i.)    All factual allegations and claims made by Plaintiff in her Complaint;

        (ii.)    All damages claimed by Plaintiff in this matter; and

        (iii.)    All defenses raised by Defendant in this matter.

    (b)    All discovery commenced in time to be completed by **December 3, 2008**.

    (c)    Maximum of **25** interrogatories and **25** Requests for Production of Documents by each party to any other party.

    (d)    Maximum of **20** requests for admission by each party to any other party.

    (e)    Maximum of **5** depositions per side.

    (f)    Each deposition is limited to a duration of **7** hours.

    (g)    Reports from retained experts under Rule 26(a)(2) due:

        from Plaintiff by **August 4, 2008**;
        from Defendant by **September 4, 2008**.

    (h)    Supplementation under Rule 26(e) due **30** days before discovery concludes.

4.    **Other Items**.

    (a)    The parties do not request a conference with the Court before entry of the scheduling order.

    (b)    The parties anticipate adjudication of this matter through cross motions for summary judgment.

      (c)      Plaintiff should be allowed until **June 30, 2008**, to join additional parties and until **June 30, 2008**, to amend the pleadings.

      (d)      Defendants should be allowed until **July 30, 2008** to join additional parties and until **July 30, 2008**, to amend the pleadings.

      (e)      All dispositive motions should be filed **January 15, 2009**.

      (f)      The parties will be in a better position to evaluate settlement after initial disclosures are exchanged.

The parties certify that all parties agreed to the filing of this report.

Date:   May 13, 2007

Respectfully submitted,

/s/ John Pennington_____
1023 Edenton Street
Birmingham, AL 35242
Telephone: (205) 314-5735
Facsimile: (866) 284-0506

/s/ Wesley B. Gilchrist_____
Terrence W. McCarthy, Esq.
Wesley B. Gilchrist, Esq.
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 581-0700
Facsimile: (205) 581-0799